#19-061  EMR/SBR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RU'SSAE JONES, Individually and as Mother of RuSSAN THOMAS, a minor | )<br>)<br>) |
| Plaintiffs, | ) |
| -vs- | ) No. |
| | ) |
| THE UNITED STATES OF AMERICA, and THE UNIVERSITY OF CHICAGO MEDICAL CENTER, and RANJANI ANANTH, M.D. | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT AT LAW

Now comes the Plaintiff, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, by and through her attorneys, RUBIN & MACHADO, LTD. and for her Complaint At Law against the UNITED STATES OF AMERICA, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, and RANJANI ANANTH, M.D states as follows:

## FACTS

1. On and before May 28, 2019, Plaintiff, RU'SSAE JONES was a resident of Cook County, Illinois.

2. That Defendant, UNIVERSITY OF CHICAGO MEDICAL CENTER, is an Illinois Corporation providing medical services to the citizens of Cook County, Illinois and has its principal place of business in Chicago, Illinois.

1

3. On, before and after May 28, 2019, and all times relevant hereto, RANJANI ANATH, M.D. was a physician licensed to practice medicine in the State of Illinois, specializing in the field of neonatology.

4. On, before and after May 28, 2019, and all times relevant hereto, Mary M. Heater, CNM was a certified nurse midwife, licensed to practice as a nurse in the State of Illinois.

5. On before and after May 28, 2019, and at all times relevant hereto, Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, operated a hospital at or near, Chicago, Illinois, Cook County, Illinois, providing full hospital, gynecological/obstetrics and neonatal services, through its actual and/or apparent agents and/or employees, including but not limited to Defendant, RANJANI ANANTH, M.D. and Mary M. Heater, CNM, and other nurses, physicians and medical personnel.

6. That Defendant, RANJANI ANANTH, M.D and Mary M. Heater, CNM are medical providers providing medical services in the State of Illinois, and at the time of the complained of malpractice, were employees, agents, apparent agents and/or servants of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, and were acting in the scope of that employee, agent, apparent agent and/or servant relationship when they failed to follow the applicable standard of medical care during their treatment of Plaintiffs on, and after, May 28, 2019, and thereafter which proximately injured the Plaintiffs.

7. Prior to May 28, 2019, Plaintiff, Ru'SSAE JONES, was pregnant and being treated for her prenatal care by nurse practitioners (Caryn Reld, APN, Nakeisha Weathersby, APN, Kayla Jones, APN, Tamara Norsworthy, APN and Alicia Key, APN) and physician (David Goodyear, MD) who were employed at Friend Family Health Center in Chicago, Illinois.

8. At all times relevant herein Friend Family Health Center was a Federally Qualified Health Center (FQHC) and was providing medical care and services in City of Chicago, State of Illinois.

9. At all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, through Friend Family Health Center, employed physicians, midwives, technicians and nurses trained to provide prenatal, maternal and health care to women delivering children.

10. While under the care of nurses and physicians at Family Friend Health Center, the Plaintiff, had a positive culture for Group B Streptococcus.

11. Plaintiff went into labor at 38 weeks, 4 days, on May 28, 2019 and was admitted to THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

12. On May 28, 2019, Plaintiff was admitted into THE UNIVERSITY OF CHICAGO MEDICAL CENTER and was placed under the direct care of Mary M. Heater, CNM a certified nursing midwife on duty.

13. The Plaintiff's Positive Group B Streptococcus status was not properly shared and/or received between Family Friend Health Center and THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

14. The Plaintiff did not receive antibiotic prophylaxis treatment for her Group B Streptococcus at THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

15. The Plaintiff had tachysystole and increased resting pressures during labor, as well intermittent Category II tracing.

16. Plaintiff gave birth to her child, a male, by normal spontaneous vaginal delivery on May 28, 2019, while under the care of Mary M. Heater, CNM as well as numerous other nurses and physicians involved in the labor and delivery of Ru'ssan Thomas.

17. After birth, the baby, Russan Thomas was born without tone and without respiratory effort and was given an Apgar score of 3 by the Labor and Delivery staff from THE UNIVERSITY OF CHICAGO MEDICAL CENTER at one minute.

18. At approximately four (4) minutes after birth, Defendant, RANJANI ANANTH, MD. was part of the resuscitation team at THE UNIVERSITY OF CHICAGO MEDICAL CENTER, and she intubated the baby with a 3.5 mm endotracheal tube to a depth of 10 cm.

19. The resuscitation team at THE UNIVERSITY OF CHICAGO MEDICAL CENTER, collected venous cord gases, recorded additional Apgar scores and transferred the baby to the NICU where he was placed on ventilation on 100% inspired oxygen.

20. The baby, underwent total body cooling at 3 hours for a 72 hour period and he required fluid boluses, pressors and hydrocortisone for hypotension and milrinone for heart failure.

21. The baby was extubated to room air and rewarmed on May 31, 2019 at THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

22. The baby underwent a MRI on June 3, 2019, which showed scattered foci of abnormal signal with diffusion restriction in the periventricular white matter predominately as well as the right corpus callosum, without significant mass effect.

23. On June 8, 2019, the baby was discharged from THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

24. On and after May 28, 2019, the baby Russan Thomas has suffered injuries as a result of the care and treatment provided by the defendants, including but not limited to symmetrical spasticity, hypertonia, mild expressive language delay and continues to have ongoing early interventions and therapy.

## COUNT I – MEDICAL NEGLIGENCE – UNITED STATES

1.-24. Plaintiffs restates and incorporates by reference Paragraphs 1.-322. as though fully restated herein.

25. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2680 et. seq., as to Defendant United State of America, over which exclusive jurisdiction is vested in the federal courts based on 28 U.S.C. § 1346(b).

26. At all times relevant herein, it was the duty of Defendant, THE UNITED STATES OF AMERICA, through Friend Family Health Center, by and through their agents, servants and/or employees to exercise reasonable care in providing medical, nursing and care and treatment to the Plaintiff, Russ'ae Jones.

27. That on, before and after May 28, 2019, THE UNITED STATES OF AMERICA, through its agents, apparent agents, servants, and/or employees, including its nurses, midwives and physicians breached its aforesaid duty to the Plaintiffs in one or more of the following ways:

    a) Failed to properly perform the birth of plaintiff's child Russ'an Thomas;

    b) Failed to provide Plaintiff, Russ'ae Jones' Group B strep status to THE UNIVERSITY OF CHICAGO MEDICAL CENTER

    c) Failed to provide Plaintiff, Russ'ae Jones labor and delivery team her full pre-natal history/records;

    d) Carelessly and negligently failed to provide adequate medical and nursing care when the baby was in distress during labor and delivery; and

    e) Carelessly and negligently failed to provide proper pre-natal care and education to the Plaintiff, Russ'ae Jones.

28. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendant, THE UNITED STATES OF AMERICA, through Friend Family Health Center, by and through its employees, agents, apparent agents and/or servants, the minor Plaintiff, Russ'an Thomas, was severely and permanently injured in that he suffered both physical and neurologic injuries; that the aforesaid acts did directly and proximately cause or contribute to cause symmetrical spasticity, hypertonia and express language delay to Russ'an Thomas, a minor; that the minor Plaintiff Russ'an Thomas did sustain great suffering and pain disability and disfigurement and loss of a normal life as a result of said injuries as well as lost income and compensation throughout his life time due to the injuries suffered.

29. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiffs attach the Affidavit Stephanie B. Rubin, which by reference is made a part hereof.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, prays this Honorable court for Judgment against the Defendant, UNITED STATES OF AMERICA, in such sum of money in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

### COUNT II – FAMILY EXPENSE ACT-UNITED STATES OF AMERICA

1. through 29. Plaintiffs adopt and reallege Paragraphs One through Twenty-nine inclusive of Count I as and for Paragraphs One through Twenty-nine inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

30. The Plaintiff, RU'SSAE JONES is the Mother of Russ'an THOMAS, a minor.

31. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, Russ'an Thomas, by RU'SSAE JONES.

32. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiff, RU'SSAE JONES, hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, Russ'an Thomas pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, demand judgment against the Defendant, THE UNITED STATES OF AMERICA, in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00) and costs of suit.

**COUNT III- NEGLIGENCE- THE UNIVERSITY OF CHICAGO MEDICAL CENTER**

1.-24. Plaintiffs restate and incorporates by reference Paragraphs 1.-24. as though fully restated herein.

25. This action is brought as a related action to the action against Defendant THE UNIVERSITY OF CHICAGO MEDICAL CENTER, to the Federal Tort Claims action.

26. Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, is a medical corporation and provides medical care and services to its patients by and through its agents, employees, servants and/or apparent agents, including, but not limited to MARY M. HEATER, CNM and RANJANI ANANTH, M.D.

27. On and after May 28, 2019, Mary M. Heater, CNM was the provider assigned to the Plaintiff when she was admitted to THE UNIVERSITY OF CHICAGO MEDICAL CENTER for labor and delivery.

28. On May 28, 2019, and at all relevant times thereafter, Mary M. Heater, CNM was an agent, apparent agent, servant and/or employee of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

29. On May 28, 2019, and at all relevant times thereafter, Defendant, RANJANI ANANTH, M.D. was an agent, apparent agent, employee, and/or servant of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

30. On May 28, 2019, and at all relevant times thereafter, the labor and delivery team including nurses, residents, fellows, midwives, technicians and physicians were each an agent, apparent agent, employee, servant of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER.

31. On May 28, 2019, and at all relevant times thereafter, Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, by and through its agents, apparent agents, employees and servants, including, but not limited to Mary M. Heater, CNM, owed Plaintiff a duty to possess and apply the knowledge and use the skill and care ordinarily used by obstetrics and gynecology doctors, nurses and midwives in similar circumstances involving the treatment of patients.

32. On May 28, 2019, and at all relevant times thereafter, Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, by and through its agents, apparent agents, employees and servants, including, but not limited to Defendant, RANJANI ANANTH, M.D.,

owed Plaintiff a duty to possess and apply the knowledge and use the skill and care ordinarily used by neonatologists in similar circumstances involving the treatment of patients.

33. On May 28, 2019, and at all relevant times thereafter, Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, by and through its agents, apparent agents, employees and servants, including, but not limited to Defendant, RANJNAI ANATH, M.D., Mary M. Heater, CNM, and on duty nurses, residents, fellows, technicians and physicians were negligent in its care and treatment of Plaintiffs in one or more of the following reasons:

   a) Failed to properly perform the birth of plaintiff's child;
   b) Carelessly and negligently failed to provide adequate medical and nursing care when the baby was in distress during labor and delivery;
   c) Failed to obtain Plaintiff's Group B strep status from Friend Family Health Center;
   d) Carelessly and negligently failed to provide the Plaintiff, Ru'ssae Jones with prophylactic antibiotics for her unknown Group B strep status.
   e) Carelessly and negligently failed to recognize that the fetus became high-risk during labor with a category 2 tracing;
   f) Carelessly and negligently failed to call for/request a fully qualified resuscitation team to be present before the birth because of the known high-risk status of the fetus;
   g) Failed to evaluate and record an arterial cord gas;
   h) Failed to list the specific components of the Apgar Scores;
   i) Failed to properly place the endotracheal tube to a depth of 8.5 cm and
   j) Failed to provide specific details of the resuscitation including a code sheet with times, clinical details and interventions by the resuscitation team.

34. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendant, THE UNIVERSITY OF CHICAGO MEDICAL

CENTER by and through its employees, agents, apparent agents and/or servants, the minor Plaintiff, Russ'an Thomas, was severely and permanently injured in that he suffered both physical and neurologic injuries; that the aforesaid acts did directly and proximately cause or contribute to cause symmetrical spasticity, hypertonia and express language delay to Russ'an Thomas, a minor; that the minor Plaintiff Russ'an Thomas did sustain great suffering and pain disability and disfigurement and loss of a normal life as a result of said injuries as well as lost income and compensation throughout his life time due to the injuries suffered.

35. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiffs attach the Affidavit Stephanie B. Rubin, which by reference is made a part hereof.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, prays this Honorable court for Judgment against the Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

### COUNT IV-FAMILY EXPENSE ACT-
### THE UNIVERSITY OF CHICAGO MEDICAL CENTER

1. through 35. Plaintiffs adopt and reallege Paragraphs One through Thirty-Five inclusive of Count III as and for Paragraphs One through Thirty-Five inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

36. The Plaintiff, RU'SSAE JONES is the Mother of Russ'an THOMAS, a minor.

37. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, Russ'an Thomas, by RU'SSAE JONES.

38. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiff, RU'SSAE JONES,

hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, Russ'an Thomas pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, demand judgment against the Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

### COUNT V- MEDICAL AND PROFESSIONAL NEGLIGENCE/MALPRACTICE DEFENDANT, RANJANI ANANTH, M.D.

1.-24. Plaintiff restates and incorporates by reference Paragraphs 1. - 24. as though fully re-stated herein.

25. On or about May 28, 2019, and at all relevant times thereafter, Defendant, RANJANI ANANTH, M.D. owed Plaintiffs, a duty to provide reasonably safe and careful professional medical care and treatment in keeping with the standard of care as defined by Illinois law.

26. That on and after May 28, 2019, Defendant, RANJANI ANANTH, M.D., was then and there negligent in her care and treatment of Plaintiffs in one or more of the following reasons:

   a) Failed to evaluate and record an arterial cord gas;
   b) Failed to list the specific components of the Apgar Score;
   c) Failed to properly place the endotracheal tube to a depth of 8.5 cm; and
   d) Failed to provide specific details of the resuscitation including a code sheet with times, clinical details and interventions by the resuscitation team.

27. As a direct and proximate result of one or more of the aforementioned breaches of the applicable standard of care by Defendant RANJANI ANANTH, M.D., the minor Plaintiff, Russ'an Thomas, was severely and permanently injured in that he suffered both physical and

neurologic injuries; that the aforesaid acts did directly and proximately cause or contribute to cause symmetrical spasticity, hypertonia and express language delay to Russ'an Thomas, a minor; that the minor Plaintiff Russ'an Thomas did sustain great suffering and pain disability and disfigurement and loss of a normal life as a result of said injuries as well as lost income and compensation throughout his life time due to the injuries suffered.

28. Pursuant to 735 ILCS 5/2-622(a) of the Illinois Code of Civil Procedure, Plaintiffs attach the Affidavit Stephanie B. Rubin, which by reference is made a part hereof.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, demand judgment against the Defendant, MARY M. HEATER, CNM, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

## COUNT VI-FAMILY EXPENSE ACT- RANJANI ANANTH, M.D.,

1. through 28. Plaintiffs adopt and reallege Paragraphs One through Twenty-seven inclusive of Count V as and for Paragraphs One through Twenty-seven inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

29. The Plaintiff, RU'SSAE JONES is the Mother of Russ'an THOMAS, a minor.

30. In endeavoring to assist the minor plaintiff in becoming healed and cured of the aforesaid injuries, medical expenses were incurred, and will continue in the future be incurred, on behalf of the Minor Plaintiff, Russ'an Thomas, by RU'SSAE JONES.

31. At the time of the occurrence alleged herein, there existed in the State of Illinois a Statute known as the Family Expense Act, 750 ILCS 65/15, and Plaintiff, RU'SSAE JONES, hereby make a claim for medical expenses they have incurred, and will in the future incur, on behalf of the Minor Plaintiff, Russ'an Thomas pursuant to the aforesaid statute.

WHEREFORE, Plaintiffs, RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor, demand judgment against the Defendant, RANJANI ANANTH, M.D., in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of suit.

Respectfully submitted,

\_\_\_\_\_/s/Stephanie B. Rubin_____
By: Stephanie B. Rubin
ARDC No. 6300726
RUBIN & MACHADO, LTD.
Attorneys for Plaintiffs
RU'SSAE JONES, Individually, and as Mother of RuSSAN THOMAS, a minor
30 N. LaSalle, Suite 4030
Chicago, Illinois 60602
(312) 327-1840
srubin@rubin-machado.com
rmrfiling@rubin-machado.com